# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JEAN COFFIN, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>    Defendant ) | Civil No. 09-487-P-S |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge committed reversible error by failing to give reasons for rejecting the opinion of a former treating physician, applying an incorrect legal standard, and making two findings that were not supported by substantial evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff last met the insured status requirements of the Social Security Act on September 30, 1995, Finding 1, Record at 6; that, before that date, she did not suffer from any medically determinable impairment, Findings 3-4,

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 17, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

*id*.; and that, therefore, she was not under a disability, as that term is defined in the Social Security Act, at any time before the date last insured, Finding 5, *id*. at 9. The parties agree that the Decision Review Board failed to complete its review of the decision in the time allowed, making the administrative law judge's opinion the final decision of the commissioner. 20 C.F.R. § 405.420(a).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

**Discussion**

**A. Reasons for Rejecting Dr. Flaherty's Assessment**

The plaintiff first contends that this matter must be remanded because the administrative law judge failed "to provide specific reasons for rejecting Dr. Flaherty's opinion" to the effect that in June 1993 the plaintiff was restricted to work only 12-15 hours per week due to symptoms in her hand, wrist, forearm, shoulder, and neck. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 14) at 8-9. For purposes of this alleged error and each that follows, that the plaintiff must establish the existence of a severe impairment before September 30, 1995, her date last insured, and after June 1, 1994, the date on which she alleges her disability began. Record at 4.

The plaintiff relies on a letter dated December 18, 2008, *id*. at 467, some eight days after the hearing before the administrative law judge, *id*. at 11, from Richard C. Flaherty, M.D., who treated the plaintiff between 1987 and 1993 for upper extremity overuse tendonitis. Itemized Statement at 8-9. The letter was submitted to the administrative law judge by letter dated January 19, 2009,[2] Record at 187-88, by the attorney who represented her at the hearing, *id*. at 11,[3] and who does not represent her in this appeal. She first contends that the administrative law judge was required to give this opinion controlling weight, because Dr. Flaherty is a treating physician and his findings "are well-supported by medically accepted clinical and laboratory

---

[2] The administrative law judge kept the record open until January 4, 2009, to receive additional evidence from Dr. Flaherty. Record at 41-42. By letter dated January 6, 2009, the plaintiff's lawyer reported to the administrative law judge that he expected to receive a letter from Dr. Flaherty "in the next two weeks." *Id*. at 186. Counsel's January 19, 2009, letter states that he had "just received . . . today" Dr. Flaherty's letter dated December 18, 2008. *Id*. at 187. Counsel for both parties agreed at oral argument that these delays were not significant, given the fact that the administrative law judge's opinion is dated March 31, 2009. *Id*. at 10.

[3] At oral argument, counsel for the commissioner agreed that the attorney who represented the plaintiff at the hearing was the same attorney who submitted Dr. Flaherty's letter, and that his name is misspelled in the hearing transcript. Counsel for the plaintiff suggested that another attorney in the same firm as the lawyer who submitted Dr. Flaherty's letter had represented the plaintiff at the hearing. No lawyer with the last name "Bernard," the name used in the hearing transcript, is listed in the Maine Bar Directory or on the plaintiff's lawyer's letterhead.

diagnostic techniques and are not inconsistent with the other substantial evidence in the record," citing 20 C.F.R. § 404.1527(d)(2). Itemized Statement at 8.

Specifically, the portion of Dr. Flaherty's letter on which the plaintiff relies provides as follows:

> When I most recently saw her in June 1993, I felt that she had ongoing restrictions with regard to forceful and repetitive hand activities, heavy lifting and limited reaching on both right and left sides. I felt at that time she had a work restriction of between 12-15 hours per week. Those restrictions that I had placed on her at the time were in definite duration. I of course did not have the opportunity to re-evaluate her after that point in time.

Record at 467.[4] The plaintiff does not explain how this paragraph is supported by clinical and laboratory diagnostic techniques nor how it is not inconsistent with other substantial evidence in the record. Indeed, there is no other substantial evidence in the record with respect to this opinion, consistent or inconsistent, for the period in question, and the opinion itself does not address the period in question. It is the plaintiff's burden to produce sufficient evidence to allow the commissioner to reach a conclusion at Step 2; the absence of evidence provides support for a conclusion adverse to the plaintiff at this point in the sequential evaluation process. *See, e.g., Moore v. Astrue*, No. 06-136-B-W, 2007 WL 2021919 (D. Me. July 11, 2007), at *5.

The plaintiff also suggests, without citation to authority, that the administrative law judge erred by failing to provide specific reasons for rejecting this opinion. Itemized Statement at 8, 9. Presumably, she means to invoke 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").

---

[4] The plaintiff materially misquotes a significant sentence of this paragraph as follows: "Those restrictions I had placed on her at the time were indefinite in duration." Itemized Statement at 8. While the plaintiff may argue for this interpretation, she is obviously not at liberty to alter a quotation provided to the court.

The plaintiff implies that the administrative law judge ignored Dr. Flaherty's post-hearing letter, Itemized Statement at 8-9, but she did not do so. The letter is explicitly discussed in the opinion. Record at 8.

In fact, the administrative law judge does provide reasons for her rejection of any implication in Dr. Flaherty's letter that the limitations he imposed due to upper extremity overuse tendonitis continued from June 1993, when he last saw the plaintiff, into the period at issue, from June 1, 1994 (a year later) through September 30, 1995. The administrative law judge "note[d] that [the plaintiff] appeared to have completed treatment" for this condition in 1993 with Dr. Flaherty. *Id.* She continued:

> After her treatment stopped, there are no medical records from June 1993 until around 2000, except for obstetrical and gynecological records . . . in 1998.
>
> * * *
>
> After 1993, the next mention of tendonitis of the wrist or upper extremity is 2001. The claimant complained to Dr. Moller of wrist pain. She was working as a housecleaner at the time and was not in any treatment for tendonitis. Dr. Moller noted no inflammation and observed that she had full range of motion of her wrist.
>
> * * *
>
> In the beginning of 2006, . . . [t]he claimant was also experiencing some pain and numbness in her fingers[].
>
> * * *
>
> As for the opinion evidence, there is no opinion which speaks directly to the claimant's impairments during the relevant period. Dr. Flaherty's opinion is the nearest in time to the claimant's alleged onset date. However, he did not see her after June 1993 (Exhibit 20F). The claimant appeared not to be in treatment for anything at her date last insured which suggests that she did not have significant symptoms at that time.
>
> * * *
>
> [W]hen the claimant began seeing treatment providers again in 2000 and after, the diagnosis was not wrist tendonitis but various diagnoses including depression, myofascial cervicalgia and Fibromyalgia. Her impairments changed and there is no evidence that her new impairments were related to the impairments whose treatment ended in 1993.

5

Record at 8-9.  This is an adequate statement of the administrative law judge's reasons for rejecting Dr. Flaherty's post-hearing statement.

### B.  Substantial Evidence

The plaintiff contends that the administrative law judge's Step 2 finding "is not based on substantial evidence."  Itemized Statement at 9.  While this is the usual articulation of the legal test for the sufficiency of an administrative law judge's opinion, it is inapposite when the evidentiary burden is on the plaintiff and the administrative law judge's opinion is based on a lack of evidence, as is the case here.  To the extent that this argument differs from the plaintiff's first argument, she incorrectly asserts that "the ALJ appears to have relied on Dr. Trumball's opinion that 'there was insufficient evidence in the record to establish a diagnosis at the claimant's alleged onset date or before her date last insured.'"  *Id*.  While the opinion of Dr. Trumball, a reviewing physician at the state-agency level, is mentioned in a single sentence in the administrative law judge's opinion, Record at 9, it is clear from the portions of the opinion cited above in Section A that the administrative law judge expressly considered, and rejected, the additional information that was not provided to Dr. Trumball.  *Id*. at 8-9.

Nor did the administrative law judge "interpret[] the raw medical data and com[e] up with her own assessment of the severity of Mrs. Coffin's medical impairments, which was improper."  Itemized Statement at 11.  As discussed above, there simply was no medical data for the period of time at issue.  That is all that the administrative law judge said, or needed to say. This case is distinguishable from *Rivera-Figueroa v. Secretary of Health & Human Servs.*, 858 F.2d 48 (1st Cir. 1988), on which the plaintiff relies, where there was a plethora of medical reports for the period at issue, without any assessment from those treating physicians of the claimant's residual functional capacity.  *Id*. at 50-51.  It was these reports that the First Circuit

6

concluded the administrative law judge appeared to have interpreted himself. *Id*. at 52. Here, again, there simply is no medical evidence at all for the period in question.

## C. Severity Standard

The plaintiff next asserts that the administrative law judge "fail[ed] to apply the severity standard, as set forth by the First Circuit," because she determined that the plaintiff "did not have an impairment or combination of impairments that has significantly limited the ability to perform basic work-related activities for 12 consecutive months." Itemized Statement at 11.

The simple response to this argument is that, where there was no evidence of any impairment, which is what the administrative law judge found, Finding 3, Record at 6, the issue of severity is not even reached, so this argument is moot. Under these circumstances, I decline the plaintiff's invitation to explicate the appropriate severity standard at Step 2 of the sequential evaluation process.

In a subsection of this portion of her itemized statement, the plaintiff faults the administrative law judge for drawing inferences about her symptoms and their functional effects at the relevant time "without first considering the evidence of record which may explain 'infrequent or irregular medical visits or failure to seek medical treatment.'" Itemized Statement at 14 (citing Social Security Ruling 96-7p). She asserts that "the evidence documents that after [she] settled her workers' compensation case in 1994, she [] was without medical coverage. The ALJ erred in failing to consider this reason for [her] gap in treatment." *Id*. (citation omitted).

But, the cited Ruling, which is entitled "Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements," makes the statements quoted by the plaintiff only in the context of evaluating a claimant's credibility. Social Security Ruling 96-7p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2010), at 140. Here, it is

not the plaintiff's credibility that is at issue. If the Ruling nonetheless applies, the plaintiff contends that she meets the Ruling's example of inability to afford treatment and lack of access to free or low-cost medical services, *id.* at 141, because she demonstrated that she settled a workers' compensation claim in 1994 and thereafter was "without medical coverage." Itemized Statement at 14.

In support of this assertion, the plaintiff cites the following statement of her attorney to the administrative law judge: "What happened is, the worker's comp case was settled, I think, in 1994, so, of course, she was without medical coverage for the injuries after the settlement, of course, and she last saw Dr. Flaherty, I think the last note we have is June of '93, and then she had a primary doctor and an OB GYN." Record at 15. Assuming *arguendo* that the statement of the attorney is evidence, I do not see how it necessarily follows that the plaintiff was without medical coverage after settling a worker's compensation claim, nor does this fact, if true, establish that the plaintiff was unable to get free or low-cost medical services. Indeed, the statement on its face says that the plaintiff did have at least two treating physicians during some period following June 1993 and in 1994 following the settlement. There is no suggestion in this "evidence" that should have alerted the administrative law judge to consider the possibility that the plaintiff's lack of medical treatment for her upper extremity problem during the relevant period was due to inability to pay or to obtain care at little or no cost.

### D. Credibility

Finally, the plaintiff contends that the administrative law judge failed properly to evaluate her claims of pain and her credibility. Itemized Statement at 15-16. But, where no impairment is found, as is the case here, pain and credibility never become issues. Moreover, the plaintiff cites case law and regulations with respect to these issues but never cites any testimony or other

8

evidence concerning her pain symptoms during the relevant period, even though this would be necessary to generate either issue, pain or credibility, had they been reached.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of October, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge